IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARILYN P. JONES, § | |
|     *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. _____ |
| § | |
| UNITED STATES OF AMERICA, § | |
|     *Defendant*. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

  Marilyn P. Jones, Plaintiff in the above-styled and numbered civil action seeks a refund of federal employment taxes paid and a determination that no further tax is due in regards to a trust fund recovery penalty related to Cambridge Knowledge Systems Corporation. For cause, she respectfully pleads:

**I.**

**Parties**

  1. Plaintiff, Marilyn P. Jones, is an individual who is domiciled in Harris County, Texas, within the boundaries of this Judicial District and Division. Her Social Security Number is xxx-xx-6605.

2. Defendant, the United States of America, is a proper party defendant[1] in this case to determine: (1) the Plaintiff's right to a refund; (2) the extent of the Plaintiff's liability for tax penalties under 26 U.S.C. § 6672, and (3) to determine the validity of a tax lien filed by the Internal Revenue Service. The Defendant may be served with process through:

   a. the United States Attorney for the Southern District of Texas, Mr. Kenneth Magidson, or the designated Civil Process Clerk, at 1000 Louisiana, Suite 2300, Houston, Texas 77002; and

   b. the Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Ave., NW, Washington, DC 20530-0001.

## II.

## Jurisdiction & Venue

3. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1346(a)(1). This Court further has the jurisdiction pursuant to 26 U.S.C. § 7422 (civil action for a refund) and 28 U.S.C. §§ 2201–02 (declaratory judgment). This Court may properly exercise its jurisdiction over the Defendant pursuant to 28 U.S.C. § 1346(a)(1).

4. Venue is proper within this District and Division pursuant to 28 U.S.C. § 1402(a).

---

[1] "Federal agencies may not be sued in their own name except to the extent Congress may specifically allow such suits. *Blackmar v. Guerre*, 342 U.S. 512, 514, 72 S.Ct. 410, 96 L.Ed. 534 (1952). Congress has made no provision for suits against either the IRS or the Treasury Department, so these agencies are not proper entities for suit. *See Pesci v. Internal Revenue Service*, 67 F.Supp.2d 1189, 1195 (D.Nev.1999); *Krouse v. United States Treasury Dep't*, 380 F.Supp. 219, 220 (C.D.Cal.1974). Where taxpayers are authorized to sue on matters arising out of IRS actions, the United States is the proper party defendant. *See Taborski v. Internal Revenue Service*, 141 B.R. 959, 961 n. 1 (N.D.Ill.1992) (IRS dismissed and attorney fees and costs awarded against United States); 26 U.S.C. § 7422(f) (suit arising out of dispute over tax monies owed may only be maintained against the United States); 26 U.S.C. §§ 7430(a), 7431, 7432, 7433 (suits for damages arising out of certain specified IRS actions may be maintained against the United States)." *Devries v. I.R.S.*, 359 F.Supp.2d 988, 991–92 (E.D.Cal. 2005).

## III.

## Background

5.     Between 1994 and 2006, Marilyn P. Jones, the Joint-Debtor, was employed by Cambridge Knowledge Systems Corporation (EIN 76-0554813). Jones started as a secretary. After about a year, she was promoted to a sales and marketing position. By the end of her tenure, she was the vice-president of sales.

6.     During 2000, Jones was given authority to sign checks on behalf of Cambridge. This was a matter of convenience for Cambridge's President, Roland White, so that checks could be written during the times when he was out of town or not physically present in the office. It was never in Jones' job duties to maintain accounting records, prepare financial reports or to prepare and/or file tax returns. The closest Jones regularly came to handling the company's finances was that she would open bills and invoices that came in the mail, summarize them, and present them to Roland White for his instructions regarding payment. All decisions as to whether to pay a certain bill or invoice and the amount that should be paid were exclusively made by Roland White.

7.     Prior to 2005, Cambridge employed approximately 15 people; however, Cambridge became unable to pay its ongoing obligations and started reducing its workforce. When this happened, the remaining employees, including Jones, began to undertake many administrative and clerical roles in addition to their primary jobs.

8.     The person primarily responsible for paying Cambridge's obligations to its creditors was its President, Roland White. Upon information and belief, he was also the sole owner, or at least the majority owner, of the common stock in Cambridge. He constituted half of its board

of directors, and was an officer—President and Chief Executive Officer. Clearly, Roland White was Cambridge's "control person."

9. At no time was Jones ever a shareholder of Cambridge. At no time was Jones ever a "director" or part of the "governing authority" of Cambridge as those terms are used in Tex. Bus. Orgs. Code §§ 1.002(16), 1.002(35). At no time was Jones ever an "officer" of Cambridge as that term is used in Tex. Bus. Orgs. Code § 1.002(61). At no time did Jones hold a position as "director" or "officer" as those terms are used in Cambridge's articles of incorporation and/or by-laws. At no time was any document filed with the Texas Comptroller of Public Accounts or the Texas Secretary of State listing Jones as a "director" or "officer" of Cambridge. On March 24, 2005, Cambridge filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the case, *In re Cambridge Knowledge Systems Corporation*, No. 05-34245, in the United States Bankruptcy Court, Southern District of Texas, Houston Division. No document, from its Statement of Financial Affairs to its Disclosure Statement listed Jones amongst Cambridge's directors or officers.

10. At no time did Jones ever own any stock or other equity interest in Cambridge. Nor did Jones ever file a proof of interest documenting any such equity ownership in Cambridge's bankruptcy case.

11. When Cambridge filed its bankruptcy petition, one of its primary creditors was the IRS, which filed proofs of claims seeking approximately $398,264.14 in unpaid employment (Form 941) and unemployment (Form 940) taxes. In particular, the IRS filed a Proof of Claim seeking recovery of the following employment taxes:

| **Form 941 Employment Taxes** | | | | |
|---|---|---|---|---|
| **Period Ending** | **Tax** | **Penalty** | **Interest** | **Total** |
| Jun. 30, 2003 | $ 0.00 | $602.04 | $ 30.34 | $632.38 |
| Sep. 30, 2003 | 102,907.82 | | 6,697.34 | 109,605.16 |
| Dec. 31, 2003 | 101,527.78 | 739.75 | 1,015.28 | 103,282.81 |
| Mar. 31, 2004 | 39,029.03 | | 2,146.60 | 41,175.63 |
| Jun. 30, 2004 | 38,909.59 | | 1,556.38 | 40,465.97 |
| Sep. 30, 2004 | 41,902.06 | | 415.43 | 42,317.49 |
| Dec. 31, 2004 | 41,542.72 | | 41.81 | 41,584.53 |
| Mar. 31, 2005 | 5,270.76 | | 0.00 | 5,270.76 |
| Total | $371,089.76 | $1,341.79 | $11,903.18 | $384,334.73 |

12. The amount listed above include what are known as "trust funds."[2] *See* 26 U.S.C. § 6672 (defining employment tax trust funds).

13. On May 1, 2006, the Bankruptcy Court approved a Plan of Reorganization that required Cambridge to pay the IRS in "equal monthly installments with 6% interest over a six year or seventy-two month period beginning on the Effective Date." (Bk. 05-34245, ECF no. 75, p. 11).

14. Ultimately, Cambridge defaulted in its obligations under the Plan of Reorganization. A Notice of Plan Default was filed by creditor, Harris County, on April 15, 2008. The case was never converted to one under Chapter 7.

---

[2] An employer's liability for employment taxes is composed of two components: (1) the monies that are withheld from employees' paychecks, which are composed of income tax withholding, Social Security contribution, and Medicare contribution; and (2) a matching amount paid by the employer equivalent to the employees' Social Security and Medicare contributions. The amounts that are withheld from employees' paychecks are known as "trust funds," and if they are not timely paid, certain responsible persons within the company may be personally liable. *See* 26 U.S.C. § 6671(b). All other employment related taxes that are not "trust funds" are solely the responsibility of the employer.

15. Cambridge ceased doing business during 2009. On July 24, 2009, the Texas Secretary of State forfeited Cambridge's corporate charter for failure to file franchise tax reports. Its corporate charter has not been reinstated.

16. During May 2006 the IRS notified Jones that it was seeking collection of Cambridge's "trust fund" taxes from her. Since this time, the IRS has applied the Jones' tax refunds the payment of Cambridge's unpaid "trust fund" taxes. In particular, the IRS has applied approximately $2,225 in such refunds from Jones' 2011 and 2012 tax returns.

17. On, or about, December 27, 2013 the IRS perfected a tax lien against Jones' property by filing the lien in the real property records of Harris County, Texas. On, or about, March 3, 2014, the IRS garnished Jones' bank accounts. On that date, the balance in the Jones' accounts totaled $201.69. On, or about, March 28, 2014, the IRS sought to garnish Jones' paycheck. These actions ultimately lead Jones to seek relief under the Bankruptcy Code.

18. Jones filed a voluntary petition in the bankruptcy case, *In re Rick L. Jones and Marilyn P. Jones*, Bankruptcy No. 14-31653, in the United States Bankruptcy Court for the Southern District of Texas. On May 7, 2014, the Trustee conducted and concluded the Meeting of Creditors. Following the meeting the Trustee declared the estate to be fully administered and abandoned the estate to the Jones and her husband, Rick L. Jones. No objection to the abandonment of the property of the Estate was filed by the United States Trustee or any party in interest.

19. On June 12, 2014, Jones filed an adversary proceeding against the Defendant in the bankruptcy case—adversary proceeding no. 14-03221. It was dismissed January 15, 2015 because the Court determined:

    a.   There would be no impact on the bankruptcy estate by determining Jones' tax liability pursuant to 11 U.S.C. § 505; therefore, the Court should abstain from hearing the case; and/or

    b.   There was no subject matter jurisdiction pursuant to 28 U.S.C. § 1334.

20.    On October 7, 2014, the Plaintiff received a discharge of all debts except those excepted from a discharge pursuant to 11 U.S.C. § 523. The subject debt was excepted from a discharge pursuant to 11 U.S.C. § 523(a)(1)(A). *See also* 11 U.S.C. § 507(a)(8)(C) (describing employment trust fund taxes as a priority debt not subject to a discharge). The bankruptcy case was closed and a final decree entered on October 7, 2014.

21.    On May 28, 2015, Jones paid the IRS $500.00, representing at least the total employment tax liability for one Cambridge employee for one calendar quarter. The employment taxes paid for employee, Suguna S. Sharma (SSN xxx-xx-5439), for 2005. On June 10, 2015, Jones executed a Claim for Refund and Request for Abatement—IRS Form 843—and submitted it to the IRS. More than six months has passed without the IRS approving the requested refund.

### IV.

### Suit for Tax Refund

22.    Incorporating the facts pled in Paragraphs 1 through 21, *supra*, Jones brings a suit for a refund of taxes pursuant to 26 U.S.C. § 7422.

23.    At all material times, Jones was not a "responsible person." She did not have authority to see that the taxes of Cambridge were paid, nor did she have the power to make final decisions concerning Cambridge or the power to determine which of Cambridge's creditors were to be be paid or when they were to be paid. Jones had no effective control over Cambridge's finances.

24. Even if Jones could be considered a "responsible person," she did not voluntarily, consciously, and intentionally fail to pay trust fund taxes without reasonable cause. Jones made no deliberate decisions to apply the trust fund taxes to other uses, such as the payment of suppliers, employees' salaries, rent, or any other creditor.

25. The May 28, 2015 payment Jones made to the IRS in the amount of $500.00 was a voluntary payment. The employment taxes paid for employee, Suguna S. Sharma (SSN xxx-xx-5439), for 2005.

26. On June 10, 2015, Jones executed a Claim for Refund and Request for Abatement—IRS Form 843—and submitted it to the IRS. More than six months has passed without the IRS approving the requested refund. For the reasons stated in Paragraphs 1 through 21, Jones was never liable for the taxes she paid. Therefore, she is entitled to a refund in the amount of $500.00.

27. While more than 180 days have elapsed since Jones made a claim for a refund, to date, the IRS has neither approved or denied it. Moreover, the Defendant has not paid the refund.

28. In connection with Jones' suit for a tax refund, Jones respectfully requests an award of reasonable litigation costs—reasonable attorneys' fees, reasonable expert witness fees, and reasonable court costs—pursuant to 26 U.S.C. § 7430.

## V.

## Declaratory Judgment

29. Incorporating the foregoing facts in Paragraphs 1 through 28, *supra*, Jones seeks a declaratory judgment that she is not liable for payment of the trust fund recovery penalty and, by

extension, her property is not subject to a tax lien regarding the same. This Court may grant declaratory relief pursuant to 28 U.S.C. §§ 2201–02.

30. Declaratory relief is necessary because there is a real dispute as to Jones' liability for trust fund taxes and, by extension, the validity of the tax lien on for the collection of the trust fund taxes.

31. A trust fund recovery penalty may only be imposed and collected when:

   a. The person was a *responsible person* within the meaning of 26 U.S.C. § 6671(d); and

   b. The person's failure to collect, account for, and/or pay over the trust fund taxes was *willful* as defined by the courts.

**A. Jones is not a responsible person**

32. The Internal Revenue Code does not expressly define a "responsible person." It is a long-standing IRS policy that:

> Responsibility is a matter of status, duty, and authority. Those performing ministerial acts without exercising independent judgment will not be deemed responsible.
>
> In general, non-owner employees of the business entity, who act solely under the dominion and control of others, and who are not in a position to make independent decisions on behalf of the business entity, will not be asserted the trust fund recovery penalty.
>
> INTERNAL REVENUE SERVICE, INTERNAL REVENUE MANUAL § 1.2.14.1.3, *available at* http://www.irs.gov/irm/part1/irm_01-002-014.html (Policy Statement 5-14).

33. Facts are critical to such a determination. *United States v. DeMarco*, 256 B.R. 320, 321 (M.D. Fla. 2000). The most important consideration in determining whether an individual is a responsible person is whether that individual had control over the corporate checkbook. *In re Hughes*, 137 B.R. 614, 618 (Bankr. E.D. Va. 1992). The mechanical duty of signing checks alone does not make the officer a "responsible person." *Godfrey v. United States*, 748 F.2d 1568, 1575

(Fed. Cir. 1984); *Michaud v. United States*, 40 Fed. Cl. 1, 21 (1997). As set forth in Paragraph 8, *supra*, the only person who made decisions as to whether to pay a particular bill or invoice and the amount to pay was Roland White. Jones had no control or judgment over this decisional process, nor did she have any material influence. When Jones wrote and signed checks for Cambridge, she was merely following the instructions of her employer.

B. **Jones' failure, if any, to collect, account for, or pay trust fund taxes was not willful**

34. The Internal Revenue Code does not define "willfulness" for purposes of 26 U.S.C. § 6672(a). Instead, courts have defined the term through their decision as the "voluntary, conscious and intentional act to prefer other creditors of the [employer] over the United States." *Bloom v. United States*, 272 F.2d 215, 223 (9th Cir. 1960); *see also Frazier v. United States*, 304 F.2d 528, 529–30 (5th Cir. 1962). *Personal fault* is required before any trust fund recovery penalties can be assessed. *See Slodov v. United States*, 436 U.S. 238, 254 (1978). In particular:

> Section 6672 cannot be read as imposing upon the responsible person an absolute duty to "pay over" amounts which should have been collected and withheld. The fact that the provision imposes a penalty and is violated only by a "willful failure" is itself strong evidence that it was not intended to impose liability without **personal fault**.

*Id.* (emphasis added).

35. As in the decisional process to decide which bills and invoices that Cambridge would pay, all judgment and decision-making in the process of collecting, accounting for, and ultimately paying trust fund taxes was conducted by Roland White. On the occasions that Jones signed a check which included trust fund taxes or made a deposit for fund taxes into an IRS account, Jones was merely acting at the direction of her supervisor.

36. In terms of making quarterly reports (Form 941) to the IRS regarding the amounts paid to Cambridge's employees and the associated taxes that were withheld from employees'

paychecks, such reporting was done in good faith and in reliance upon Cambridge's business records. At all relevant times, Jones would not have made any report to the IRS without the approval of Roland White. There has never been any allegation that Jones ever participated in any failure by Cambridge to provide an accounting of its tax employment tax liabilities to the IRS.

37. For these reasons, it is necessary for the Court to determine Jones' liability for the trust fund taxes. In connection with obtaining such a declaration, Jones seeks a judgment against the Defendant for reasonable attorneys' fees, costs of Court, and all other appropriate relief.

WHEREFORE, premises considered, Marilyn P. Jones, respectfully requests that the Defendant be summoned to appear and answer, and after a trial on the merits, that the Court:

a. Enter a declaratory judgment that she is not liable to the IRS for any trust fund recovery penalties related to Cambridge Knowledge Systems Corporation and awarding her all reasonable attorneys' fees, costs of Court, and all other appropriate relief;

b. Enter a judgment against the Defendant, setting aside the tax lien against her property;

c. Enter a judgment against the Defendant refunding Jones the payments made by her in the amount of $500.00 as well as all reasonable litigation costs in connection with her claim for a refund; and

d. Grant all such further legal and equitable relief which is just.

Respectfully Submitted,

**PENDERGRAFT & SIMON, LLP**

/s/ *William P. Haddock*
WILLIAM P. HADDOCK
Texas Bar No. 00793875
S.D.Tex. Adm. No. 19637
2777 Allen Parkway, Suite 800
Houston, TX 77019
Tel. (713) 528-8555
Fax. (713) 868-1267

*Counsel for Plaintiff*