UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARILYN P. JONES, | § § § § | |
| Plaintiff, | | |
| vs. | § § § § § § § § § § § § § § | Civil Action No. 4:15-cv-03619-M |
| UNITED STATES OF AMERICA, | | |
| Defendant/Counterclaimant, | | |
| vs. | | |
| WILLIAM R. WHITE, | | |
| Counterclaim Defendant. | | |

**UNITED STATES OF AMERICA'S MOTION FOR SUMMARY
JUDGMENT AGAINST MARILYN P. JONES AND BRIEF**

**I.  INTRODUCTION AND OVERVIEW.**

This is a tax refund suit brought by Plaintiff, Marilyn P. Jones ("Jones,") contesting whether she was a responsible person pursuant to 26 U.S.C. § 6672 for unpaid payroll withholding taxes of Cambridge Knowledge Systems Corporation ("Cambridge").  The United States filed a counterclaim for the unpaid balance of the assessments against Jones, who was, among many other roles, a Vice President of Cambridge.

The United States also filed a counterclaim against William R. White ("White") for the same quarters for which Jones was assessed.  Both Jones and White were assessed a total of $239,776.67, such amount representing their joint and several liability under 26 U.S.C.

1

§ 6672 for the unpaid trust fund portion of employment taxes for the fourth quarter of 2003 through the first quarter of 2005 for Cambridge.  This Motion for Summary Judgment deals only with Jones' liability.[1]

## II. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

The United States has completed its discovery against Jones.  This case is at the point where summary judgment is proper against Jones due to the undisputed facts and applicable law.  The granting of summary judgment against her will avoid the waste of further judicial resources concerning Jones' liability as a matter of law.

## III. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT.

1.  Whether Jones was a person responsible under Section 6672 for collecting, accounting for, or paying over payroll taxes withheld from the wages of Cambridge's employees?

2.  Whether Jones willfully failed to collect, account for, or pay over the collected payroll taxes as provided by 26 U.S.C. § 6672?

## IV.  SUMMARY OF THE ARGUMENT.

The undisputed facts for this Motion for Summary Judgment come from Jones' and White's deposition testimony and the attached exhibits.  This evidence together with Fifth Circuit precedent, establish that summary judgment must be granted in favor of the United States holding Jones to be a responsible person who acted willfully for each quarter listed above.  There is no dispute that Jones acted willfully.  However, in an attempt to avoid a finding of responsibility, she seeks to place all the blame on White.  As discussed below, Jones had the effective power to pay the taxes which also makes her a responsible party as a matter of law.

---

[1] A motion for default has been filed against White.  *See* Doc. No. 20.

**V. STATEMENT OF UNDISPUTED MATERIAL FACTS.**

<u>Jones was a responsible person during the periods at issue.</u>

1. Cambridge was founded by White in 1996.[2] Cambridge was organized to develop and market educational software to the Texas K-12 educational market.[3]

2. Cambridge ran into hard times in 2002 or 2003.[4] The downturn was caused by the company's shift from selling pre-canned software to customized software and also due to the loss of certain grants.[5]

3. Jones was hired by White in 1996 as a secretary.[6] She was the second employee hired.[7]

4. After working at Cambridge for a year, Jones was promoted to a sales position.[8]

5. Eventually Jones became a Vice President of Sales for Cambridge. She was one of Cambridge's two officers.[9] White was the President and Jones was the Vice President.[10] Jones was Vice President from 1996 until at least 2005.[11]

---

[2] Exh. 29, White's IRS Form 4180, Report of Interview with Individual Relative to Trust Fund Recovery Penalty or Personal Liability for Excise Tax, at p. 1, ¶ 2.c; William White's deposition ("White's Dep."), Exh. A, p. 17-18; Marilyn Jones' deposition ("Dep."), Exh. B, p. 16.

[3] Exh. C, Bankruptcy Disclosure Statement, Doc. 43, *In re Cambridge Knowledge Systems, Inc.,* Case No. 05-34245 (Bankr. S.D. Tex 2005) at p. 3.

[4] Dep. p. 44-46.

[5] *Id.*

[6] Dep. p. 13-16; Exh. 29 at p. 2-4.

[7] Dep. p. 15.

[8] Dep. p. 16-17.

[9] It is unclear if Patricia White, Roland White's wife, is an officer. She is listed on Cambridge's bankruptcy Statement of Financial Affairs as the secretary. However, on the Form 4180, Exh. 29, dated 9/20/2005, at p. 2, ¶ 8, White does not list her as an officer. He only lists himself and Jones. *See also* Exh. 26, Jones' IRS Form 4180, (continued...)

6. Jones signed numerous documents such as Forms 941, Employers' Quarterly Federal Tax Returns, Texas Corporation Franchise Tax Reports, and Texas Use and Sales Tax Returns for Cambridge as Vice President.[12]

7. Jones, White and John White (White's son) were the highest paid employees of Cambridge.[13]

8. Jones was an authorized check signer for Cambridge on each of its bank accounts from 2001 until at least 2005.[14]

9. Jones had authority to hire and fire employees from 1996 until at least 2005.[15]

10. Jones had the authority to manage employees from 1996 until at least 2005.[16]

11. Jones had the authority to direct payment of bills from 1996 until at least 2005.[17]

12. Jones had the authority to deal with major customers from 1996 until at least 2005.[18]

---

(… continued)
Report of Interview with Individual Relative to Trust Fund Recovery Penalty or Personal Liability for Excise Tax, at p. 1, ¶ 8, Dep. p. 82-87.

[10] Dep. p. 21; Exh. 29 at p. 2, ¶ 8; Exh. 26, at p. 1, ¶ 8.

[11] *Id.; See also* footnote 11 below and Cambridge Bank Signature cards, Exh. G.

[12] Exhs. 12, 13, 17, 18, 19 & 21 at p.2-3; Dep. p. 69-70, 72-75.

[13] Exhs. 14 and 15; Dep. p. 70-71; Exh. D, Jones' Responses to Admissions, Interrogatories and Requests for Production, Int. Response # 23.

[14] Exh. 26, p. 2, ¶ 7; Exh. 29, p. 3, ¶ 7; Dep. p. 36-37 & 86; Exh. G.  *See also* checks at footnotes # 28 & 30.

[15] Dep. p. 23-25; Exh. 29, p. 3, ¶ 1; Exh. 26, p. 2, ¶ 1; Exh D, Int. Response # 8 and Admission #2.

[16] Exh.D, Admission # 3; Exh. 29, p. 3, ¶ 2; Exh. 26, p. 2, ¶ 2.

[17] Exh 29, p. 3, ¶ 3; Exh. 26, p. 2, ¶ 3; Dep. p. 86.

[18] Dep. p. 28 & 86; Exh. 29, p. 3, ¶ 4; Exh. 26, p. 2, ¶ 4.

13. Jones had the authority to enter into contracts for Cambridge from 2001 until at least 2005.[19]

14. Jones had the authority to make bank deposits from 2001 until at least 2005.[20]

15. Jones had the authority to sign and file Cambridge's Form 941 employment tax returns as Cambridge's Vice President from 2001 until at least 2005.[21]

16. In 2001, Jones took over all of the bookkeeper duties for Cambridge when the bookkeeper quit.[22] She continued her sales duties as well as performing the bookkeeping duties until she left the company in 2008.[23] As part of these duties, Jones received Cambridge's mail which included invoices.[24] Further, she created the invoices for Cambridge and followed up with customers.[25]

17. From 2001 until she left the company, Jones had access to Cambridge's books and records. She maintained or balanced the checkbook (or ledger) for Cambridge which was kept in the file cabinet in her office.[26]

18. Jones also maintained Cambridge's files.[27]

---

[19] Dep. p. 79; Exh. D, Int. Response # 7; Exh. 29, p. 3, ¶ 5; Exh. 26, p. 2, ¶ 5.

[20] Dep. p. 33 & 35; Exh. D, Admission #13; Exh. 29, p. 3, ¶ 9; Exh. 26, p. 2, ¶ 9.

[21] Exhs. 3, 12 & 18; Dep. p. 57-60, 69 & 73. *See also* Exh. 29 p 3, ¶ 11; Exh. 26 p. 2, ¶ 11.

[22] Dep. p. 18-19; Exh. D, Int. Response # 14.

[23] Dep. p. 54.

[24] Dep. p. 19.

[25] Dep. p. 19, 28-29.

[26] Dep. p. 47.

[27] Dep. p. 31 & 75. *See* Exh. 21 at p. 1, handwritten note reflecting Jones' filing system.

19. From 2001 until she left the company, Jones prepared and signed most of the checks for Cambridge. The bank required only one signature on the checks. Most of the checks were prepared on a typewriter.[28] However, she did handwrite some of the checks.[29] Jones asserts that every check she signed, even the handwritten checks (which were prepared offsite) were approved by White.[30]

20. However, White also testified that if Jones signed a check without his approval, he would respect her. He trusted her.[31]

21. Jones prepared the payroll for Cambridge during the period at issue.[32] The employees reported their hours to her. She figured the deductions and taxes to be withheld and then determined their pay.[33]

22. One of her normal duties was to deposit the tax payments.[34] She was aware of the duty to deposit payroll taxes.[35]

23. Jones made at least five wire transfer requests to deposit payroll taxes with the IRS. On March 12, 2002, March 15, 2002, March 22, 2002, September 6, 2002, and

---

[28] Dep. p. 37-44; *see* sample of typewritten checks (most containing back of checks) at Exh. 2, p. 1-40.

[29] Dep. p. 41-43.

[30] Dep. p. 37-44; Exh. D, Int. Response #1;. *See* sample of handwritten checks (most containing back of checks) at Exh 2, p. 41-58.

[31] White's Dep., Exh. A, at p. 28.

[32] Dep. p. 48-49, 54.

[33] *Id.*

[34] Dep. p. 48-49, 54-56; Exh. 29, p.4 ¶14.

[35] Dep. p. 81-82.

October 18, 2002, she directed wire transfer deposits of payroll taxes in the amounts of $6,451.75, $6,451.75, $10,224.49, $2,578.01 and $2,578.01, respectively towards Cambridge's payroll taxes.[36]

24. White admits that he performed all of the numerous duties and functions for Cambridge listed on the IRS Form 4180 <u>except</u> authorizing payment of federal tax deposits. Instead, he indicates that Jones was responsible for that duty.[37]

<u>Jones Willfully Failed to Collect, Account For or Pay Over the Trust Fund Taxes of Cambridge</u>

25. Jones was aware that the taxes were not being paid at the time that payroll taxes were not being deposited because one of her duties was to deposit the taxes.[38] Jones reviewed the tax payments.[39]

26. From 2001 until she left the company, Jones prepared and signed the paychecks and delivered them to the employees.[40] At times she directed the employees not to cash their paychecks until she told them to.[41]

27. Jones would sometimes not take her salary due to a lack of funds in the company.[42]

---

[36] Dep. p. 76-78; Exhs. 22 & 23.

[37] Exh. 29, p. 4 ¶14.

[38] Dep. p. 50- 55, 68-69.

[39] Dep. p. 85.

[40] Dep. p. 79.

[41] *Id.*

[42] Dep. p. 55.

28. Cambridge's outside accountants were given the company's bank statements so that they could prepare the tax returns.[43] The accountants communicated with Jones regarding whether tax deposits were being made. Based on the bank statements, the accountants directed Jones to make certain tax deposits.[44]

29. Jones had previous knowledge of Cambridge payroll tax problems.[45] She was the representative for Cambridge with the IRS.[46]

30. Jones paid creditors of Cambridge other than the IRS after she learned of the unpaid employment withholding taxes. Jones knew that employees of Cambridge continued to be paid after she knew that there were unpaid employment taxes.[47] Further, Jones was aware that other creditors such as the rent, phone and priority operating expenses were paid after and during the accrual of the tax liabilities.[48]

31. On March 24, 2005, Cambridge filed a bankruptcy petition under Chapter 11, Case No. 05-34245 (Bankr. S.D Tex.). A plan was confirmed in the bankruptcy on June 30, 2006, the case was closed on June 11, 2007, and Cambridge defaulted under the plan on April 15, 2008.[49]

---

[43] Dep. p. 30 & 63.

[44] Dep. p. 58-63; Exhs. 3 & 6.

[45] Dep. p. 65.

[46] Exh. 26, p. 5, ¶ 12; Dep. p. 67-68. *See* Exh. 10, IRS Notice which contains Jones' handwritten notes. *Id.*

[47] Exh 26, p. 5 ¶ 15.

[48] *Id.* at ¶ 13.

[49] Exh. E, Cambridge's Bankruptcy Docket Sheet.

32. Jones left Cambridge in 2008.[50]

33. On October 16, 2006, Jones was timely and properly assessed a total of $213,985.07 of Section 6672 penalties for the fourth quarter of 2003 through the first quarter of 2005.[51] As of February 29, 2016, the unpaid balance due on Jones' Trust Fund liability is $239,776.67.[52]

**VI. STANDARD FOR GRANTING SUMMARY JUDGMENT.**

A. GENERAL STANDARD FOR MOTION FOR SUMMARY JUDGMENT.

As this Court held when granting summary judgment in favor of the United States in *Fitzmaurice v. United States,* 81 F.Supp.2d 741, 743 (S.D. Tex. 1999), the proper standard for determining when a motion for summary judgment should be granted is as follows:

> Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. Under FED. R. CIV. P. 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir.1994). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (*en banc*). If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response. *See id.* When the moving party has met its Rule 56(c) burden, the nonmovant cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. *See McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir.1995). The nonmovant must go beyond the pleadings and

---

[50] Dep. p. 20 & 56.

[51] Exh. F, Certified IRS Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters for each quarter.

[52] Declaration of Cynthia Blaze.

9

designate specific facts showing that there is a genuine issue for trial. *See Little*, 37 F.3d at 1075 (citing *Celotex*, 106 S.Ct. at 2553–54).

"[W]hen a district court denies a motion for summary judgment on the basis that there exist genuine issues of material fact, the district court is actually making two separate conclusions: 'First, the court has concluded that the issues of fact in question are genuine, i.e., the evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party. Second, the court has concluded that the issues of fact are material, i.e. resolution of the issues might affect the outcome of the suit under governing law.'" *Lemoine v. New Horizons Ranch and Center, Inc.,* 174 F.3d 629, 633 (5th Cir.1999) (quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.1998), *cert. denied*, 525 U.S. 1054, 119 S.Ct. 618, 142 L.Ed.2d 557 (1998)). "Rule 56 'mandates the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Little*, 37 F.3d at 1075 (quoting *Celotex*, 106 S.Ct. at 2552).

B.  SUMMARY JUDGMENT IN SECTION 6672 CASES.

Motions for Summary Judgment are frequently granted in Section 6672 cases, such as the present one.  This has been true from the time of *Mazo v. United States*, 591 F.2d 1151 (5th Cir. 1979), to the present time, *Arriondo v. United States,* __ F.Supp.3d ___,  2016 WL 3982526 (S.D. Tex. July 22, 2016); *Behrman v. United States,* __ F.Supp.3d ___, 2016 WL 1392338 (E.D. Tex. April 8, 2016); *Zarate v. United States*, 2012 WL 4482048 (S.D. Tex. 2012); *Conway v. United States*, 647 F.3d 228 (5th Cir. 2011); *Rineer v. United States*, 594 F.Supp.2d (N.D. Tex. 2009); *Verret v. United States*, 542 F.Supp.2d 526 (E.D. Tex. 2008), *aff'd by unpublished opinion*, 312 Fed. Appx. (5th Cir. February 26, 2009); *Morgan v. United States*, 937 F.2d 281 (5th Cir. 1991); and *Lencyk v. Internal Revenue Service*, 384 F.Supp.2d 1028 (W.D. Tex. 2005).

**VII. STATUTES INVOLVED**.

The statutes pertinent to this matter are 26 U.S.C. Sections 6671 and 6672.

**VIII. ARGUMENT AND AUTHORITIES.**

A. JONES WAS A RESPONSIBLE PERSON UNDER § 6672 FOR PAYMENT OF TRUST FUND TAXES FOR CAMBRIDGE FOR EACH QUARTER ASSESSED, WHO WILLFULLY FAILED TO COLLECT, ACCOUNT FOR OR PAY OVER THOSE TAXES.

26 U.S.C. §§ 3102(a) and 3402(a) require employers to withhold the employees' share of federal social security taxes and income taxes from the wages of their employees. The money withheld from each employee's wages is then held by the employer in trust for the benefit of the United States as provided for by 26 U.S.C. § 7501(a). *Slodov v. United States*, 436 U.S. 238, 242-43 (1978); *Turnbull v. United States*, 929 F.2d 173 (5th Cir. 1991).

If the payroll taxes are not paid by the company, in this case Cambridge, this revenue would be forever lost to the Government, unless the Government can collect these taxes from the persons responsible for the collection and nonpayment of the taxes. *Slodov*, 436 U.S. at 243-45; *USLIFE Title Ins. Co. of Dallas v. Harbison*, 784 F.2d 1238, 1242-43 (5th Cir. 1986). To protect against such revenue losses, Section 6672(a) was enacted by Congress. *USLIFE Title*, 784 F.2d at 1243. 26 U.S.C. § 6672 reads, in pertinent part:

> GENERAL RULE.--Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over...

The Supreme Court in *Slodov*, when interpreting Section 6672, held that:

> We conclude therefore that the phrase "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title" was meant to limit § 6672 to persons responsible for collection of third-party taxes and **not** to limit it to those persons in a position to perform all three of the enumerated duties with respect to the tax dollars in question.

*Slodov*, 436 U.S. at 250. (Emphasis added.) Jones is the type of "person" referred to in both the statutes and *Slodov*.

There are two elements to liability under Section 6672. The first is that a person upon whom liability is to be imposed must be a person required to collect, truthfully account for, or pay over any tax, commonly referred to as a "responsible person". The second requirement under Section 6672 is that such responsible person willfully failed to collect, truthfully account for or pay over such taxes. *Barnett v. Internal Revenue Service*, 988 F.2d 1449, 1453 (5th Cir. 1993); *Turnbull*, 929 F.2d at 178. Jones bears the burden of proof on both of these issues.

> [O]nce the Government offers an assessment [of penalty taxes] into evidence, the burden of proof is on the taxpayer to disprove his responsible-person status or willfulness." *Barnett*, 988 F.2d at 1453 (citations omitted); *see also Mazo v. United States*, 591 F.2d 1151, 1155 (5th Cir. 1979) (citing *Anderson v. United States,* 561 F.2d 162, 165 (8th Cir. 1977); *Liddon v. United States*, 448 F.2d 509, 513-14 (5th Cir. 1971).

*Arriondo,* 2016 WL 3982526 * 9.

B. JONES IS A RESPONISIBLE PERSON WITH RESPECT TO CAMBRIDGE UNDER SECTION 6672 FOR EACH OF THE QUARTERS AT ISSUE.

The United States agrees with Jones' assertion that White was a responsible person. However, the law is not limited to the single individual who is most responsible. Even if the Court holds that White is a responsible person, that does not absolve Jones from also being found to be a responsible person.

> Moreover, the statute expressly applies to "any" responsible persons, not just to the person *most* responsible for the payment of the taxes. *Howard*, 711 F.2d at 737. There may be – indeed, there are – multiple responsible persons in any company.

*Barnett v. Internal Revenue Service,* 988 F.2d at 1455. In the seminal case of *Mazo v. United States*, 591 F.2d 1151 (5th Cir. 1979), the Fifth Circuit affirmed the district court's grant of

summary judgment in favor of the United States finding that seven individuals were responsible persons as a matter of law. Another district court in Texas noted this law when it held that a "'responsible person' is any person who performs any of the three functions specified in the statute (i.e., collect, truthfully account for, or pay over the withheld taxes)." *Hutchinson v. United States*, 962 F.Supp 965, 968 (N.D.Tex. 1997).

"This Circuit takes a broad view of who is a responsible person under § 6672." *Logal v. United States*, 195 F.3d 229, 232 (5th Cir. 1999); *Barnett*, 988 F.2d at 1454; *Gustin v. United States*, 876 F.2d 485, 491 (5th Cir. 1989). The crucial inquiry is whether the individual had the effective power to pay the taxes. *Barnett*, 988 F.2d at 1454; *Turnbull*, 929 F.2d at 178. "We first observe that cases *not* finding § 6672 responsibility are relatively few and far between." *Barnett*, 988 F.2d at 1456. (Emphasis in original).

Responsibility for purposes of Section 6672 is a matter of status, duty, power and authority, whether exercised or not. *Wood v. United States*, 808 F.2d 411, 415 (5th Cir. 1987); *Howard v. United States*, 711 F.2d 729, 734 (5th Cir. 1983). It is not necessary that an individual have the final, or sole, word as to which creditors should be paid in order to be subject to liability under Section 6672. *Verret*, 542 F.Supp.2d at 534. In fact, "responsibility does not require knowledge that one has that duty and authority." Barnett, 988 F2d at 1454. Rather, it is sufficient that the person have some power, authority, and control over the process by which corporate funds are disbursed to find that he is a "responsible person" under Section 6672. *Neckles v. United States*, 579 F.2d 938 (5th Cir. 1978).

Responsible person status is not limited to people who perform the mechanical jobs of collection and payment of corporate funds. The Fifth Circuit looks at a number of circumstantial indicia of responsible person status when a party lacks the precise

responsibility of withholding or paying the taxes. *Barnett*, 988 F.2d at 1455. In *Barnett*, the Court noted that:

> ... we cannot ignore the extensive case law that narrowly constrains a factfinder's province in § 6672 cases. [W]e tend to agree with the other circuits that have held that certain facts will almost invariably prove dispositive of responsibility.

*Barnett*, 988 F.2d at 1454. Recognized indicia of responsible person status include the following:

> We ask whether such a person: (i) is an officer or member of the board of directors; (ii) owns a substantial amount of stock in the company; (iii) manages the day-to-day operations of the business; (iv) has the authority to hire or fire employees; (v) makes decisions as to the disbursement of funds and payment of creditors; and (vi) possesses the authority to sign company checks. (Citations omitted.) No single factor is dispositive.

*Id.* at 1455. Jones had a number of these indicia of responsibility. As shown above, she was an officer, she hired and fired employees, managed employees, and she possessed the authority to sign company checks. She also prepared payroll and computed the payroll taxes, made the bank and payroll tax deposits, signed and filed Form 941 payroll tax returns as well as other reports for Cambridge, dealt with customers and entered into contracts. But the overwhelming factor in determining her responsibility is that she had the effective power to see that the taxes were paid. This is shown by the wire transfer requests made by her to pay the payroll taxes for Cambridge.

Although Jones asserts that she could not sign a check or make a payment without White's approval, this is not a defense to responsibility. Clearly, as far as the bank was concerned she had the necessary authority and ability to write a check requiring only her signature. Further, it is not a defense that White may have ordered Jones not to pay the taxes or that Jones was afraid she would be fired if she paid the taxes. *See Howard*, 711 F.2d at

14

734 (The fact that Howard may have been fired had he disobeyed Jennings' instruction and paid the taxes does not make Howard any less responsible.)  Moreover, White testified that he would have respected Jones if she wrote a check without his approval.

Jones is a responsible person under Section 6672 as a matter of law because she had the effective power to pay the taxes. The Court should grant summary judgment on the issue of responsibility.

C.   JONES WILLFULLY FAILED TO COLLECT, ACCOUNT FOR OR PAY OVER THE TRUST FUND TAXES OF CAMBRIDGE.

Liability attaches to a "responsible person" under Section 6672 only upon his "willful" failure to collect or account for or pay over the payroll taxes.  As shown above, Jones admitted that she was aware at the time that taxes were not being collected and paid.

Under Fifth Circuit precedent, if Jones paid **any** creditor other than the IRS after she was aware of the non-payment of the taxes, she acted willfully as a matter of law.  As the Fifth Circuit held decades ago in *Mazo*, 591 F.2d at 1157:

> evidence that the responsible person had knowledge of payment to other creditors after he was aware of the failure to pay withholding tax is sufficient for summary judgment on the question of willfulness.

The holding in *Mazo* has been followed and discussed in numerous subsequent cases.  One of those cases, which has also been cited numerous times, is *Barnett*, where the Fifth Circuit held that a considered decision not to fulfill one's obligation to pay the taxes owed, evidenced by payments made to other creditors in the knowledge that the taxes are due, is all that is required to establish willfulness:

> Willfulness under § 6672 requires only a voluntary, conscious, and intentional act, not a bad motive or evil intent. *Mazo*, 591 F.2d at 1154; *see also Gustin*, 876 F.2d at 492. Willfulness is normally proved by evidence that the responsible person paid other creditors with knowledge that withholding taxes were due at the time to the United States. *Gustin*, 876 F.2d at 492. "A considered decision not to fulfill

15

one's obligation to pay the taxes owed, evidenced by payments made to other creditors in the knowledge that the taxes are due, is all that is required to establish willfulness." *Howard*, 711 F.2d at 736.

988 F.2d at 1457. *Barnett* has been cited for this rule of law by a district court in Texas as recently as April, 2016, in *Behrman v. United States,* --- F.Supp.3d ---, 2016 WL 1392338 (E.D. Tex. April 8, 2016).

As stated by another district court in this district:

"When a responsible person becomes aware of tax liability, he has 'a duty to ensure that the taxes [are] paid before any payments [are] made to other creditors.' "*Conway*, 647 F.3d at 234 (quoting *Barnett*, 988 F.2d at 1457). Thus, "[a] responsible person acts willfully if 'he knows the taxes are due but uses corporate funds to pay other creditors' or 'he recklessly disregards the risk that the taxes may not be remitted to the government.'" *Id.* (quoting *Logal v. United States*, 195 F.3d 229, 232 (5th Cir.1999)). "Where there is undisputed evidence that the responsible person directed payments to other creditors while knowing of the tax deficiency, willfulness is established as a matter of law." *Id.*

*Zarate v. United States,* 2012 WL 4482048 (S.D. Tex. Sep. 26, 2012).

A district court in Texas, when granting summary judgment in favor of the United States, noted this rule of law:

Once Ortiz "became aware of the tax liability, he had a duty to ensure that the taxes were paid before any payments were made to other creditors." *Barnett*, 988 F.2d at 1457. The IRS's evidence, that he failed to do so, establishes willfulness **as a matter of law**. *Id.* (citing *Howard*, 711 F.2d at 735).

*Lencyk*, 384 F.Supp.2d at 1036. (Emphasis added.)

All that is required for a finding that Jones acted willfully is to show that she voluntarily, consciously and intentionally preferred any other creditor over the United States, which she admitted doing. She was aware that the taxes were not being paid at the time and admits that payroll was made during that time as well as payments to other creditors such as rent, utilities and priority operating expenses were being made.

Jones is willful under Section 6672 as a matter of law.

16

## IX. CONCLUSION.

Based on the above undisputed material facts and the applicable precedent, Jones was a responsible person under Section 6672 for each quarter from the fourth quarter of 2003 through the first quarter of 2005 for Cambridge.  For the same reasons, her failure to collect, account for, or pay over the payroll taxes for the periods at issue was willful.  For all of the foregoing reasons, the United States should be granted summary judgment against her for all quarters at issue and enter a judgment that Jones is indebted to the United States in the amount of $239,776.67 as of February 29, 2016, plus pre-judgment and post judgment interest[53] thereon until paid.

**W**HEREFORE, the United States of America prays as follows:
That this Court enter a judgment that Jones is indebted to the United States of America in the amount of $239,776.67 as of February 29, 2016, plus pre-judgment and post-judgment interest thereon until paid; and That the United States be granted such other and further relief, including its costs, as the Court deems proper.

---

[53] Prejudgment interest accrues on this amount from February 29, 2016, until the date of judgment at the rates set forth in 26 U.S.C. § 6601 and 6621.  Post-judgment interest under 28 U.S.C. § 1961(c) accrues at the same rates under 26 U.S.C. §§ 6601 and 6621 until paid.

Kenneth Magidson
United States Attorney

/s/ Stephanie M. Page
STEPHANIE M. PAGE
Attorney, Tax Division
State Bar No. 13428240
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
214-880-9749
214-880-9741
Stephanie.M.Page@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

# CERTIFICATE OF SERVICE

I certify that on November 3, 2016, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

William P. Haddock
2777 Allen Parkway, Ste. 800
Houston, Texas 77019

The foregoing was mailed to:

William R. White
11026 Riverview Drive
Houston, Texas 77042

William R. White
Belmont Village Senior Living
2929 West Holcombe Blvd., Room 24
Houston, Texas 77025

/s/ Stephanie M. Page
STEPHANIE M. PAGE